HELLER V. HOHMAN.

LIABILITY OF A MARRIED WOMAN FOR REPAIRS ON HER PROPERTY.

A wife is held to be personally liable for repairs to a building on her land, made under contract with her husband, but with her knowledge and without any protest from her.

HEARD on Error.

SMITH J.

The plaintiff in error seeks the reversal of a judgment by the court of common pleas sustaining a demurrer to the amended petition filed by him against the defendant, and dismissing the action at his cost.

This question presented, clearly and explicitly raised, is this: Is a married woman, who is owner of a lot of land upon which is situated a barn or shed, personally liable for the reasonable value of work done by a carpenter in the repair of such buildings, at the special instance and request of the husband of the owner, when the carpenter supposing him to be the owner of the property does the work and receives from him part payment therefor, and takes his note for the balance, which is still wholly unpaid, when the wife herself knew of the request so made, and being in

possession of the property knew when the work was commenced, and was present and saw it as it progressed, and never advised him that she was the owner of the property, and made no objection by word or act to its being done for her benefit or on her account, or that she did not intend to pay for it? Is she liable for the balance due?

Independently of any statutory provision, we incline strongly to the opinion that on this state of fact the wife would be liable for the balance due on the work. The facts alleged point very strongly to the conclusion that the husband was acting for the wife as her agent.

But if this be not so, we think that under the provisions of section 3192, Revised Statutes, the husband must be held in this matter to have been the agent of the wife, and that she became personally liable for the debt thus contracted. That section provides in substance that when a married woman is the owner of land on which is situated a building like this, and has knowledge of its repair or improvement, when the same is done under a contract with her husband and without her express objection, the husband shall be deemed and held to be the duly authorized agent of the wife.

It is true that this section is one under the mechanics' lien law, and would authorize a lien to be taken out on the property of the wife under such circumstances. But in our judgment it is not limited to this. With the view of preventing fraud and injustice it goes further and makes her personally liable on the contract made by her husband for repairs on her property, if she knew the work was being done, and made no objection thereto. The husband by the terms of the statute is made the duly authorized agent of the wife *therein*. That is, as to the contract itself. It is a wholesome provision, and should be upheld by the courts. The judgment of the court of common pleas will be reversed with costs, and the case is remanded for further proceedings.

*Smith & Kuhn*, for Plaintiff in Error.
*Edmund K. Stallo, Contra.*

---

## BILL OF EXCEPTIONS.